The opinion of the Court was delivered by
Wardlaw, A. J.
It does not appear how David Epstin and Philip Epstin became tenants in common. There is an Act of 1718, (3 Stat. 708,) which authorizes partition to be made in the Court of Common Pleas, between partners, joint tenants, or tenants in common, and an Act of 1786, (i Stat. 712,) concerning admeasurement of dower, contains directions which are referred to by the Act of 1791, (5 Stat. 163, § 7,) concerning intestates’ estates. But, as shown in the case of Pell vs. Ball, (1 Rich. Eq. 388,) the Court of equity, in executing its power of making partition, usually conforms, in all cases of joint tenancy, and tenancy in common, to the Act of 1791. When an actual division cannot be made without injury to one or more of the parties, the *8 commissioners appointed by the writ of partition may certify their opinion that the estate should be sold at public auction, and if a sale appears to the Court more1 for the interest of the parties, the Court directs it to be made on such credit and such terms as seem right.
It is not suggested that in this case the discretion of the Chancellor was not properly exercised, as to the credit and the terms; but Nathan Zemansky having become a party ior the purpose of preserving his lien upon the moiety of his debtor, Philip Epstin, now says that as a judgment creditor he is entitled to immediate payment in money; that he is not bound to accept bonds, and should not be compelled to await the expiration of the credit which has been directed, nor to give to Philip Epstin the gain which would thence result to him ; that at the sale two equal bonds may be taken for each of the three instalments, upon which credit is to be given, and of those bonds, Philip Epstin’s half should be sold by the Master, (the market value of good bonds being now about 60 per cent.,) and for the money thus obtained, the judgment of Zemansky vs. Epstin and another, be paid, the remainder, if any being left, for Woolf, another creditor of Philip Epstin, and Philip Epstin, himself.
The sale of bonds, taken under an order of Court, is a proceeding which, if not beyond the power of the Court, is not justified by any precedent now in mind. Eor the as-signment of the bonds, when they shall have come into the possession of the Court, suitable orders, upon the proper application may be made; or the Master, having been authorized to collect, may, under directions, pay from the proceeds, the judgment of Nathan Zemansky, with the interest which shall have accrued thereon. Nathan Zemansky is a party who has come in for his own benefit; being, to the extent of his lien, substituted for Philip Epstin, he can have no higher right than Philip Epstin had; he must *9 submit to tbe terms, wbicb, upon consideration of tbe rights of all parties, have been imposed ; as the debtor could not be allowed to affect injuriously the interest of the complainant, by insisting upon cash to pay his debts, so the creditor cannot subject that interest to his demand of the cash. If there is risk of loss, by failure of the purchaser, at the sale for partition, to pay his bonds, this, the Chancellor has endeavored to guard against, by the securities which have been required; and if unforseen events should disappoint expectation, this would only add another to the instances too common in human affairs, where good purpose and prudence are baffled by misfortune. The lien of Nathan Zemansky is a lien upon Philip Epstin’s undivided moiety, as upon his other property; by bringing his right to the notice of the Court Nathan Zemansky has obtained the advantage of being put in the way to acquire the fruits of his lien upon this moiety, rendered more valuable by partition, whilst his recourse to other property remains undisturbed.
If, as has been suggested, a defect in the title of the complainant, Stern, to the moiety claimed by him, might involve Zemansky in the consequences of an available defence made by the purchaser at the sale for partition to actions on the bonds, these defendants, in such event, would have to blame themselves, for it was their right and duty to resist partition, at the instance of a person not entitled to have it. (Dorn vs. Beasly, 6 Rich. E. 429; 7 Rich. E. 94.) It is said, however, that Nathan Zemansky might sell, or have sold Philip Epstin’s moiety, under the execution founded on his judgment, and thus obtain immediate payment. A prior judgment, without sale thereunder, might not in this case, perhaps, any more than in cases of the partition of intestate’s estates, affect the title of a purchaser, at the sale for partition. (Keckley vs. Moore, 2 Strob Eq. 21; Barry vs. Goode, 5 Rich. 6.) The sale of Philip Ep *10 stin’s moiety by bimself, or by a sheriff, under fi.fa. against him, would, however, have transferred the title of the moiety from Philip Epstin to the purchaser; and such a sale, made before the commencement of proceedings for partition, would have rendered it proper to make that purchaser, and not Philip Epstin, party defendant. But a sale, by either Philip Epstin or the sheriff) post litem motam, could not have affected the partition. Here the proceedings for partition were pending when Nathan Zemansky obtained judgment. His rights under the judgment are not better than they would have been under a conveyance to him of Philip Epstin’s title. Lis pendens gives such notice as to make the decree binding upon persons who acquire interests pending the suit, just as if they had been parties. (Murray vs. Ballow, 1 Johns, Ch. 565; Winchester vs. Paine, 11 Vesey, 197.) These are the words of Sir William Grant: “ Ordinarily, it is true, that the decree of the Court binds only the parties to the suit. But he who purchases during the pending of the suit, is bound by the decree that may be made against the person from whom he derived his title. The litigating parties are exempted from the necessity of taking any notice of a title so acquired. As to them, it is as i f no such title existed. Otherwise, suits would be indeterminable, or which would be the same in effect, it would be in the pleasure of one party at what period the suit should be determined.” A purchaser pending proceedings in partition is like one who enters, pending an action of tresspass to try titles; as the latter would be turned out by the writ of habere facias possessionem, after judgment for the plaintiff) so the former is subject to the decree, as if he had been an original party in the proceedings. (6 Rich. Eq. 422.)
It will thus be seen that Nathan Zemansky is bound by the decree, and has no higher right to special orders in his favor than Philip Epstin has ; moreover, that he is in no *11 worse condition, because be voluntarily became a party to the suit. The result of big present motion would bave been tbe same if he bad been brought in by tbe complainant, or if be bad never in any way become in form a party. By presenting bis rights to tbe Court he has prevented tbe loss which he might bave sustained, if Philip Epstin bad himself received half of tbe proceeds of the sale for partition.
The decree is affirmed, and tbe motion dismissed.
Dunkin, C. J., and Inglis, A. J., concurred.

Appeal dismissed.